IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil No. 23-03 |
| | ) |
| KEVIN THOMAS | ) |

## Order

Defendant Kevin Thomas has filed a "Rule 34 Motion to Arrest of Judgment," arguing that the court does not have jurisdiction of the charged offense under Federal Rule of Criminal Procedure 34. ECF No. 1686. Mr. Thomas also appears to invoke Rule 12(b)(3)(B)(v), which permits a defendant to move to dismiss charges when the charging document fails to state an offense. The Court will deny Mr. Thomas's Motion because the Court lacks jurisdiction over the issues raised in his Motion.

Mr. Thomas filed a Notice of Direct Appeal to the United States Court of Appeals for the Third Circuit. ECF No.1687. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In his Motion, Mr. Thomas argues that this Court lacks jurisdiction over the offense he pleaded guilty to on June 2, 2025; namely, conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine and 40 grams or more of fentanyl. ECF No. 1521. In *both* his Motion and his Notice of Appeal, Mr. Thomas raises the following relevant issues: failure to allege a positive conflict between Pennsylvania law and the Controlled Substances Act (citing 21 U.S.C. § 903), violation of the Tenth Amendment, ineffective assistance of counsel for failing to raise jurisdictional defects, and this Court lacked jurisdiction to adjudicate intrastate conduct. This Court concludes that the matters

on appeal are directly related to the matters raised in Mr. Thomas's Rule 34 Motion. Therefore, this Court lacks jurisdiction over said Motion.[1]

Accordingly, the following Order is hereby entered.

AND NOW, this 7th day of October 2025, Defendant Kevin Thomas's Rule 34 Motion to Arrest Judgment, ECF No. 1686, is DENIED due to lack of jurisdiction.

s/ *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Kevin Thomas
No. 47087-510
Pittsburgh, PA 15235
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

---

[1] To the extent that Mr. Thomas raises any issue in his Rule 34 Motion that could be construed as separate from the issues involved in the appeal, this Court would still lack jurisdiction over the Motion as it is untimely. A Rule 34 motion must be raised "within 14 days . . . after a plea of guilty." Fed. R. Crim. Proc. 34(b). Mr. Thomas did not raise his Rule 34 Motion within 14 days of the day he pleaded guilty on June 2, 2025. Mr. Thomas's apparent Rule 12 Motion must have been raised prior to trial or guilty plea. Fed. R. Crim. Proc 12(b)(3). Mr. Thomas did not raise his Rule 12 Motion prior to entering his guilty plea.